UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Crim. No. 15-100 (PAM/JJK)

          Plaintiff,

v.                                                                          **MEMORANDUM AND ORDER**

Tou Chi Fang,

          Defendant.

---

This matter is before the Court on the parties' Motions in Limine.

A.    **Rule 404(b) Evidence**

Both Defendant and the Government seek a ruling on the admissibility of Rule 404(b) evidence. Defendant unsurprisingly asks the Court to exclude such evidence, while the Government seeks to admit Defendant's four prior felony controlled-substance convictions, from 2006, 2007, and 2013, and a 2005 conviction of providing false information to the police. The Government will introduce some of these prior convictions to impeach Defendant if he chooses to testify, but it also apparently intends to bring in three of the prior convictions to establish elements of the case.

Rule 404(b) provides that evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. R. 404(b)(2). Under settled Eighth Circuit law,

the Court has the discretion to admit such evidence when "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000).

Prior felony convictions for possession of a controlled substance are relevant and admissible to establish that Defendant knew that what he had in his possession was methamphetamine and thus to establish Defendant's intent. Moreover, his actions in three of the previous drug convictions mirror the actions he is alleged to have taken here, namely throwing the baggie of drugs away from himself in an attempt to deny possession of the drugs. This pattern is also relevant to his intent, as well as preparation and planning. See United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002) ("[A] prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.").

Defendant argues that convictions for mere possession are not relevant to prove the crime charged here: that Defendant possessed methamphetamine with intent to distribute it. But as the Government points out, two of Defendant's prior convictions (from 2006 and 2013) were for first degree possession of methamphetamine, which under Minnesota law requires possession of more than 25 grams of the drug. Minn. Stat. § 152.021, subd. 2(a)(1). This, according to the Government, is a distributable amount of methamphetamine, and Defendant does not dispute that assertion. Thus, Defendant's prior drug convictions are

similar enough to the charged crime to be highly probative.  Further, the Court will instruct the jury on the limited purpose of the testimony, <u>United States v. Robinson</u>, 639 F.3d 489, 494 (8th Cir. 2011), thus limiting any potential prejudicial effect.

Although Defendant does not specifically take issue with the Government's intention to use his prior conviction for providing false information to the police, it is clear that such a conviction is only potentially relevant to impeach Defendant should he testify.  Whether it is admissible will depend on the development of the evidence at trial.  Thus, Defendant may object to such evidence at the time it is offered.

The Government's Motion regarding 404(b) evidence is granted in part and denied without prejudice in part and Defendant's Motion is denied without prejudice

**B.     Defendant's Motions**

Defendant asks the Court to hold a hearing on the admissibility of any impeachment evidence the Government intends to offer.  Whether a hearing is necessary will depend on the evidence and the progression of trial.  The Motion is therefore denied without prejudice to specific objection or discussion at trial.

Defendant also objects to law enforcement officers testifying as expert witnesses regarding (1) the amount of methamphetamine involved being an amount not intended for personal use; (2) the amount of money found on Defendant in small denominations being consistent with a drug distributor; (3) the numerous small empty plastic baggies that were found on Defendant being consistent with the distribution of methamphetamine.

Rule 702 allows a witness to testify as an expert if that witness is qualified by

"knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  Here, the FBI special agent has nearly 25 years of experience in law enforcement, and 15 years' experience investigating drug trafficking.  He is undoubtedly qualified by knowledge, skill, experience, training, and education to testify as to the tools of the drug trade.  Moreover, the drug trade is not a matter of common knowledge, and thus his testimony will assist the jury in understanding something that is likely outside the scope of their experience.  See United States v. Brown, 110 F.3d 605, 610 (8th Cir. 1997) (District courts may "allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar.")  If such testimony is relevant, as it is here, the Court must ensure that "the probative value of the expert testimony [is not] substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." United States v. Solorio-Tafolla, 324 F.3d 964, 966 (8th Cir. 2003).

In this case, Defendant is charged with drug distribution.  The agent's testimony concerns the modus operandi of drug distribution, and will provide context for the jury and serve to undermine any contention by Defendant that he did not intend to distribute the drugs but that they were instead for personal use.  United States v. Molina, 172 F.3d 1048, 1056-57 (8th Cir. 1999).  Any prejudice to Defendant is substantially outweighed by the probative value of the evidence.  Defendant's Motion to exclude the testimony is denied.

**C.     The Government's Motions**

The Government's two remaining Motions concern the introduction of statements

Defendant made during his proffer sessions if Defendant offers evidence that contradicts those statements, and Defendant's reference to the potential penalties he faces if convicted. Defendant does not object to these Motions and they are therefore granted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion in Limine (Docket No. 53) is **DENIED** as set forth above; and

2. The Government's Motion in Limine (Docket No. 54) is **GRANTED in part** and **DENIED without prejudice in part**.

Dated:   September 10, 2015

                                              *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge